**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0404n.06
Filed: May 17, 2005

**No. 03-6603**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

GERARDO ULFE,

      **Plaintiff-Appellant,**

v.

CITY OF PIONEER VILLAGE, KEVIN L. SMITH,

      **Defendants-Appellees.**

                                            /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF KENTUCKY

BEFORE:    DAUGHTREY and CLAY, Circuit Judges; and SCHWARZER, District Judge.[*]

    **CLAY, Circuit Judge.**  Plaintiff, Dr. Gerardo Ulfe, appeals the September 16, 2003 order

of the district court, granting summary judgment for the City of Pioneer Village on his claim under

42 U.S.C. § 1983 and his state law claims for negligent hiring and vicarious liability based on an

incident in which Defendant Kevin L. Smith, then the City's police chief, assaulted and injured Dr.

Ulfe while off-duty and in retaliation for Dr. Ulfe's sexual relationship with Smith's then-wife. Dr.

Ulfe also appeals the November 24, 2003 order of the district court, granting partial summary

---

    [*]The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

judgment for Smith on Dr. Ulfe's claim under 42 U.S.C. § 1983 and remanding the state law claim for assault and battery to the Jefferson (Kentucky) Circuit Court.

We review *de novo* a district court's decision to grant summary judgment. *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1048 (6th Cir. 2001). Summary judgment must be granted if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute over a material fact is only a "genuine issue" if a reasonable jury could find for the nonmoving party on that issue. *Cockrel*, 270 F.3d at 1048 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In reviewing the district court's grant of summary judgment, this Court must view all the facts and the inferences drawn therefrom in the light most favorable to the nonmoving party. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Following our extensive review of the record, all applicable law, and the parties' briefs, we conclude that the district court properly granted summary judgment in favor of Defendants. Because issuing a full opinion would serve no jurisprudential purpose, we **AFFIRM** the district court's summary judgment orders on the basis of the district court's memorandum opinions.